Case 1:15-cv-00539-MEH   Document 9   Filed 03/17/15   USDC Colorado   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00539-GPG

KEITH V. GOSSELIN,

    Plaintiff,

v.

SERGEANT KAUFMAN,
OFFICER GONZALEZ,
JOHN DOE,
SHARON PHILIPS,
JAMES LARIMORE,
INVESTIGATOR MONTOYA,
INVESTIGATOR RICHARDSON, and
MAJOR ALLEN,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Keith V. Gosselin, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Gosselin has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. He seeks damages and other relief.

    The court must construe the Prisoner Complaint liberally because Mr. Gosselin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gosselin will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Gosselin asserts three claims for relief in the Prisoner Complaint based on events that occurred while he was incarcerated at the San Carlos Correctional Facility. He first claims that Defendants Kaufman and Gonzalez subjected him to cruel and unusual punishment in violation of the United States Constitution and committed the tort of assault and battery when he was kicked in the groin by Defendant Kaufman on October 22, 2012, and Defendant Gonzalez failed to intervene and prevent the assault. Mr. Gosselin also contends in claim one that Defendants Doe, Allen, Larimore,

Montoya, and Richardson subjected him to cruel and unusual punishment and committed assault and battery because they failed to investigate, discipline, charge, or take other action against Defendants Kaufman and Gonzalez.  Mr. Gosselin does not assert specific facts in support of claim one that demonstrate any Defendant other than Defendants Kaufman and Gonzalez personally participated in the alleged assault or otherwise violated his Eighth Amendment rights.  In order to state an arguable Eighth Amendment claim Mr. Gosselin must allege facts that demonstrate deliberate indifference to a substantial risk of serious harm.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).  Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Mr. Gosselin contends in claim two that he was denied due process when he was placed in segregation for reporting the assault and he specifically alleges that Defendant Larimore ordered the move to segregation.  Mr. Gosselin also asserts this due process claim against Defendant Allen, but he does not allege any facts that demonstrate Defendant Allen personally participated in the decision to place him in segregation.

Mr. Gosselin also contends in claim two that Defendants Doe and Allen violated his right to due process and committed the tort of witness tampering because two inmate witnesses who were willing to provide information favorable to Mr. Gosselin regarding the assault were transferred to another prison.  Mr. Gosselin does not allege specific facts that link Defendants Doe and Allen to the transfers of the inmate

witnesses and he fails to allege facts that demonstrate his constitutional rights were violated by the transfer of the inmate witnesses.

Mr. Gosselin finally contends in claim three that he was denied adequate medical treatment by Defendant Philips for the injuries he suffered when he was assaulted. Mr. Gosselin does not provide specific factual allegations regarding when he was denied medical treatment by Defendant Philips.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Gosselin must identify the specific claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant

4

violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). Mr. Gosselin is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). A defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Finally, it is apparent on the face of the Prisoner Complaint, as Mr. Gosselin recognizes (*see* ECF No. 1 at 6 & 13), that most of his claims accrued more than two years before this action was filed. The one possible exception is the medical treatment claim against Defendant Philips to the extent the claim may involve a denial of adequate medical treatment within the last two years. The court will not address the obvious statute of limitations issue at this time because Mr. Gosselin has not yet provided a clear and concise statement of the claims he is asserting. However, the court may raise the affirmative defense of the statute of limitations sua sponte in a future order. Accordingly, it is

ORDERED that Mr. Gosselin file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Gosselin shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Gosselin fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 17, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge