IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00539-GPG

KEITH V. GOSSELIN,

    Plaintiff,

v.

SERGEANT KAUFMAN,
OFFICER GONZALEZ,
JOHN DOE,
SHARON PHILIPS,
JAMES LARIMORE,
INVESTIGATOR MONTOYA,
INVESTIGATOR RICHARDSON, and
MAJOR ALLEN,

    Defendants.

## ORDER DENYING MOTION

    This matter is before the Court on the letter requesting a preliminary injunction or temporary restraining order (ECF No. 7) filed *pro se* by Plaintiff, Keith Gosselin, that has been docketed as a pending motion.  Mr. Gosselin seeks preliminary injunctive relief against Defendants that prohibits physical contact; verbal or written communication; unnecessary write-ups, harassment, or retaliatory measures; and threats or coercive tactics against Mr. Gosselin and his family members.

    The Court must construe the motion liberally because Mr. Gosselin is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

Mr. Gosselin is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility. He has filed a Prisoner Complaint (ECF No. 1) claiming his rights were violated while he was incarcerated at the San Carlos Correctional Facility. Mr. Gosselin specifically claims his rights were violated when he was assaulted by a correctional officer who kicked him in the groin, when he was placed in segregation for reporting the assault, and when he was denied adequate medical treatment for the injuries he suffered when he was assaulted. With the possible exception of the medical treatment claim, all of the claims in the Prisoner Complaint are premised on events that occurred in October 2012.

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the

nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Gosselin "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Gosselin "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Gosselin fails to demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction or temporary restraining order. In particular, Mr. Gosselin fails to allege specific facts relevant to his claims in the Prisoner Complaint that demonstrate

he will suffer future injury that is irreparable if no preliminary injunction or temporary restraining order is issued.  "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  As noted above, Mr. Gosselin's claims in this action are premised on events that occurred primarily in October 2012 when he was incarcerated at a different prison.  His vague and conclusory allegations that he still feels threatened are not sufficient to justify preliminary injunctive relief.  Accordingly, it is

     ORDERED that the motion for a preliminary injunction or temporary restraining order (ECF No. 7) is denied.

     DATED at Denver, Colorado, this   18th   day of      March       , 2015.

                                     BY THE COURT:

                                     s/Lewis T. Babcock
                                     LEWIS T. BABCOCK, Senior Judge
                                     United States District Court