IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00539-GPG

KEITH V. GOSSELIN,

      Plaintiff,

v.

SGT. KAUFMAN,
OFFICER GONZALEZ,
SHARON PHILIPS,
JAMES LARIMORE,
INVESTIGATOR MONTOYA, and
INVESTIGATOR RICHARDSON,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff, Keith V. Gosselin, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Gosselin initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On March 17, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Gosselin to file an amended complaint that clarifies the claims he is asserting. On April 14, 2015, Mr. Gosselin filed an amended Prisoner Complaint (ECF No. 11).

The Court must construe the amended Prisoner Complaint liberally because Mr. Gosselin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court must review the amended Prisoner

Complaint because Mr. Gosselin is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b), the Court is required to dismiss the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part pursuant to § 1915A(b).

Mr. Gosselin asserts three claims for relief based on events that occurred while he was incarcerated at the San Carlos Correctional Facility.  He first claims that Defendants Kaufman and Gonzalez subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights and committed the state law tort of assault and battery when he was kicked in the groin by Defendant Kaufman on October 22, 2012, and Defendant Gonzalez failed to intervene and prevent the assault.  Mr. Gosselin also contends in claim one that Defendants Larimore, Montoya, and Richardson subjected him to cruel and unusual punishment because they failed to investigate, discipline, charge, or take other action against Defendants Kaufman and Gonzalez.  Mr. Gosselin contends in claim two that he was denied due process when he was placed in segregation for two days because he reported the assault and he specifically alleges that Defendant Larimore ordered the move to segregation.  Mr. Gosselin finally contends in claim three that he was denied adequate medical treatment by Defendant Philips for the injuries he suffered when he was assaulted.  In addition to claiming the alleged denial of adequate medical treatment violated his Eighth Amendment rights, Mr.

2

Gosselin also asserts claim three as a state law negligence claim.

Mr. Gosselin's Eighth Amendment claim against Defendants Larimore, Montoya, and Richardson lacks merit.  "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm."  *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).  In order to assert a cognizable claim under the Eighth Amendment, Mr. Gosselin must allege that Defendants were deliberately indifferent to a substantial risk of serious harm.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Stated another way, Mr. Gosselin must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference.  *See Tafoya*, 516 F.3d at 916. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.

Mr. Gosselin fails to allege facts in support of his Eighth Amendment claim against Defendants Larimore, Montoya, and Richardson that demonstrate those Defendants acted with deliberate indifference to a substantial risk of serious harm or that he suffered any injury caused by their actions.  The injuries allegedly caused by Defendants Kaufman and Gonzalez already had occurred and Mr. Gosselin does not allege that he suffered any additional injury because Defendants Larimore, Montoya, and Richardson failed to investigate, discipline, charge, or take other action against Defendants Kaufman and Gonzalez.  Therefore, the Eighth Amendment claim against Defendants Larimore, Montoya, and Richardson is legally frivolous and must be

3

dismissed.

Mr. Gosselin's second claim in the amended Prisoner Complaint, the due process claim against Defendant Larimore, also lacks merit.  The United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Mr. Gosselin does not allege that he was deprived of life or property.  Therefore, the due process claim depends upon the existence of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84.  However, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Therefore, the due process claim lacks merit unless Mr. Gosselin has been deprived of a constitutionally protected liberty interest that arises under Colorado state law.

State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the

4

conditions increase the duration of confinement, and whether the conditions are indeterminate.  *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Mr. Gosselin's allegation that he was placed in segregation for two days because he reported that he was assaulted by Defendant Kaufman does not give rise to a constitutionally protected liberty interest.  *See Rezaq v. Nalley*, 677 F.3d 1001, 1012 (10th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin*, 515 U.S. at 479-83, for the proposition "that nondisciplinary administrative segregation 'is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.'").  Therefore, the Court finds that Mr. Gosselin fails to demonstrate he was deprived of a constitutionally protected liberty interest in connection with his brief placement in segregation.  As a result, the due process claim is legally frivolous and must be dismissed.

Mr. Gosselin's second claim in the amended Prisoner Complaint also lacks merit if the Court construes the claim liberally as a retaliation claim.  Prison officials may not retaliate against an inmate for exercising his constitutional rights.  *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).  However, to state a retaliation claim Mr. Gosselin must demonstrate that:  (1) he was engaged in constitutionally protected activity, (2) Defendant's action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity.  *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012).  The Court evaluates the second element of a retaliation claim using an objective standard.  *See*

5

*Smith v. Plati*, 258 F.3d 1167, 1177 (10th Cir. 2001).

Considering the amended Prisoner Complaint objectively, Mr. Gosselin's two-day placement in segregation is not the sort of injury that would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity. *Cf. Milligan v. Archuleta*, 659 F.3d 1294, 1296 (10th Cir. 2011) (prisoner's claim that he lost his prison job in retaliation for filing grievance was not frivolous); *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (prisoner's claim that he would be transferred to an out-of-state supermax prison was sufficient to chill a person of ordinary firmness from continuing the protected activity); *Lewis v. Clark*, 577 F. App'x 786, 799 (10th Cir. 2014) (denial of access to prison law library is sufficiently serious to chill a person of ordinary firmness from continuing to engage in the protected activity); *Tennyson v. Carpenter*, 558 F. App'x 813, 819 (10th Cir. 2014) (suspension of a prisoner's ability to exercise his sincerely held religious beliefs would chill a person of ordinary firmness from continuing to engage in the protected activity); *Allen*, 491 F. App'x. at 6 ("[t]he prospect of punishment severe enough to satisfy the Eighth Amendment is sufficient to 'chill a person of ordinary firmness' from exercising his constitutional rights"); *Miskovsky v. Jones*, 437 F. App'x. 707, 713 (10th Cir. 2011) (a prison inmate's "transfer to a more dangerous prison would chill a person of ordinary firmness from continuing to pursue the litigation"). Therefore, the liberally construed retaliation claim also will be dismissed as legally frivolous.

In summary, the Eighth Amendment claim against Defendants Larimore, Montoya, and Richardson, the due process claim against Defendant Larimore, and the liberally construed retaliation claim against Defendant Larimore, will be dismissed as

6

legally frivolous and Defendants Larimore, Montoya, and Richardson will be dismissed as parties to this action.  The Court will not address at this time the merits of the Eighth Amendment claims against Defendants Kaufman, Gonzalez, and Philips.  Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that the Eighth Amendment claim against Defendants Larimore, Montoya, and Richardson, the due process claim against Defendant Larimore, and the liberally construed retaliation claim against Defendant Larimore are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b).  It is

FURTHER ORDERED that the Defendants Larimore, Montoya, and Richardson are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this __17th__ day of ___April_____, 2015.

BY THE COURT:


 _s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court